**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CALICO GLOBAL PTY LTD., <br><br> Plaintiff, <br><br> v. <br><br> CALICO LLC. <br> GOOGLE, INC., and <br> ALPHABET INC., <br><br> Defendants. | Civil Action No.: 2:17-cv-00643 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff CALICO GLOBAL PTY LTD. (hereinafter referred to as "Plaintiff") brings this suit for trademark infringement Defendants, CALICO LLC ("Calico"). GOOGLE, INC., ("Google") and ALPHABET INC. ("Alphabet") (collectively, "Defendants"), and alleges as follows:

### NATURE OF ACTION

1.      This is an action for trademark infringement based upon Defendants having improperly and willfully used a mark nearly identical to Plaintiff's trademark CALICO, with trademark Registration No. 3,680,863, without permission, thereby causing customer confusion and unfairly competing with Plaintiff by the improper use of Plaintiff's Trademark.

### JURISDICTION AND VENUE

2.      This action arises under the trademark laws of the United States. 15 U.S.C. §§ 1051 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as 15 U.S.C. §1121.

3.      Personal jurisdiction exists over the Defendants because they conduct substantial business in Texas, and have ongoing and systematic contacts with this District, and therefore have sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Defendants to suit in this forum.  Defendants purposefully directed their harmful conduct alleged below at this forum, and purposefully availed themselves of the benefits of Texas with respect to the claims alleged herein.

4.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and because the Defendants are subject to personal jurisdiction in this District.

## PARTIES

5.      Plaintiff CALICO GLOBAL PTY LTD. is an Australian Limited Company, located and doing business at 8,328 Stirling Highway, Claremont, Western Australia 6010.

6.      Upon information and belief, Defendant CALICO LLC is a limited liability company funded by GOOGLE, INC. and duly formed and existing under the laws of the State of California, with its principal place of business at 1170 Veterans Blvd., South San Francisco, California, 94080. On information and belief, Calico LLC, itself or through its subsidiaries and agents, has conducted and does conduct business in this judicial District.

7.      Upon information and belief, Defendant GOOGLE, INC. is a limited liability company duly formed and existing under the laws of the State of California, with is principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043. On information and belief, Google, Inc., itself or through its subsidiaries and agents, has conducted and does conduct business in this judicial District.

8.      Upon information and belief, Defendant ALPHABET INC. is the parent company of GOOGLE, INC. and CALICO LLC and is duly formed and existing under the laws of the

State of California.  On information and belief, Alphabet Inc., itself or through its subsidiaries

and agents, has conducted and does conduct business in this judicial District.

## FACTUAL BACKGROUND

### I.      CALICO GLOBAL PTY LTD.

9.      Plaintiff is a health and wellness company, focused on diet, fitness, healthy ageing

and disease prevention.

10.     Since 2004, Plaintiff has engaged in the development of health, fitness and

nutrition resources, including providing information and education services related to medicine

and pharmaceutical advice, diet, ageing and disease prevention.  Plaintiff also provides health

education and counseling via online databases and mobile software offered under the CALICO

mark.

11.     Plaintiff is the owner of the CALICO mark in the United States.

12.     Plaintiff has invested substantial amounts of time, effort and money in the

CALICO mark throughout the United States.  By reason of Plaintiff's widespread and continuous

use of the CALICO name and mark, Plaintiff additionally has extensive, non-registered statutory

and common law rights in the CALICO mark.

13.     In addition to Plaintiff's common law rights, Plaintiff owns, and relies on, U.S.

Trademark Registration No. 3,680,863 for the mark CALICO ("Plaintiff's '863 Registration"),

which was registered on the Principal Register on September 8, 2009, for "education services,

namely, providing and conducting seminars, classes and workshops in the field of health and

fitness; training in the use of computers and health related equipment; providing online

information via the Internet in the field of fitness; providing online publications, namely,

magazines in the field of health and fitness; health club services, namely, providing instruction

and equipment in the field of physical exercise; physical fitness consultation" in Class 41 and

"pharmaceutical advice; counseling services in the field of health and nutrition; and providing an on-line computer database featuring information regarding health" in Class 44.  Plaintiff's '863 Registration is based on an application filed in the United States Patent and Trademark Office ("PTO") on April 28, 2008 and claims a date of first use and first use in commerce of May 17, 2004.  *See* Exhibit 1.

14.     Plaintiff's '863 Registration is valid, subsisting, unrevoked and uncancelled; as such it constitutes *prima facie* evidence of the validity of the registered mark and the registration thereof, and of Plaintiff's ownership of the mark shown therein and/or Plaintiff's exclusive right to use the mark in commerce in connection with the services named therein, without condition or limitation.  Plaintiff's '863 Registration also constitutes notice to all, including Defendants, of Plaintiff's claim of ownership of the mark shown therein as provided in Sections 7(b), 22 and 33(a) of the Trademark Act.

## II.     CALICO, LLC AND ITS ADOPTION OF THE CALICO MARK

15.     In April 2013, Plaintiff was selected to take part in a program by advance.org, a U.S.-based organization supported by the Australian Government designed to promote Australian based technology companies in the U.S. market. *See* Exhibit 2.

16.     As part of the program, Plaintiff was invited to Google's Mountain View campus on April 23, 2013. While at Google's head office, the Plaintiff's co-founders had a number of one on one meetings with at least four senior Google executives, in which Plaintiff discussed and described its business, a health and wellness company under the CALICO name and mark.

17.     Less than five months after Plaintiff's meeting with Google, Google announced its new company, Calico LLC, on September 18, 2013, which focuses on health, well-being, and the challenge of aging and associated diseases. *See* Exhibit 3.

18.     Also on September 18, 2013, Google, through a company called dotdotdot LLC, which is registered to Google's Mountain View address, filed for the CALICO mark in Classes 5, 10 and 44 in the Kingdom of Tonga. The next day, on September 19, 2013, dotdotdot LLC changed its name to Calico LLC. Google's registration in the Kingdom of Tonga was strategic and intended to deprive Plaintiff of the ability to contest or oppose the Registration, as Google sought the Registration through dotdotdot LLC and the Kingdom of Tonga does not have a publicly searchable trademarks database.  Because of Google's strategic maneuver, Plaintiff did not become aware of the Tonga Registration until well after the Registration was completed and was used by Defendants as a priority registration for other applications Defendants filed globally in March 2014.

19.     After learning of Google's press release on September 18, 2013, announcing Calico, Plaintiff contacted Google to highlight its concerns regarding the use of its CALICO mark by Defendants.  These conversations took place from October 2013 through December 2013 through Plaintiff and a trademark attorney for Google. To alleviate Plaintiff's concerns, the trademark attorney expressed to Plaintiff that Calico was in its early stages and that there was still the possibility of Plaintiff partnering with Defendants, rather than competing with them. *See* Exhibit 4.

20.     A call was set up by Google's trademark attorney for January 16, 2014, in which Plaintiff conveyed to Google Plaintiff's proposal for a partnership. *See* Exhibit 5.  The pitch included a plan to market CALICO globally, and to use mobile and in-pharmacy software to improve the health and wellbeing of consumers. The proposal included plans to connect mobile and users of wearable health technology to the CALICO platform and benchmark their health-metrics of people of their age, gender and location, intended to motivate users to improve their

health-metrics against population averages and raise the overall bar on population health

statistics.  Just two weeks after Plaintiff's pitch to Google, Google's trademark attorney emailed

Plaintiff to let it know that "at this time, there is not a clear fit between the work that CALICO is

doing and Google's business model for there to be a broader business relationship." *See* Exhibit

6.

21.     Through Plaintiff's pitch to Google, Google was privy to commercially sensitive

information and intellectual property from Plaintiff that likely was considered and adopted by

Google without Plaintiff's consent.  The same is true with respect to Plaintiff's CALICO mark.

22.     Google announced the Google Fit platform in June 2014, and initially launched

the Google Fit product in October 2014.  The Google Fit platform is a direct competitor to the

CALICO platform.  Google Fit incorporated many features of the CALICO platform, including

features discussed in the proposal and presentation to Google in January 2014.  These features

include, but are not limited to, the ability to connect wearable health technology to the Google

Fit platform and providing health-metrics to users of the Google Fit platform.

23.     Upon registration of Defendants' Tongan trademark CALICO in classes 5, 10 and

44, on March 17, 2014, Defendants filed global applications in the same classes using the

Tongan date of September 18, 2013 as priority - including in Australia, Europe and the United

Kingdom.

24.     Defendants also sought to register the CALICO mark in the United States, but on

June 24, 2014, CALICO, LLC received an "Office Action" from the USPTO, rejecting

Defendants' trademark, based on grounds of Likelihood of Confusion with Plaintiff's existing

mark. Defendants answered the USPTO's rejection with two arguments: (1) dissimilarity of

goods and services, arguing that Defendants' "Pharmaceutical Preparations" are substantially

different than Plaintiff's "Pharmaceutical Advice"; and (2) that potential purchasers would take care to do proper diligence into each company before using the company's respective services, even though the companies are so similar. The examiner rejected both of Defendants' arguments and issued a Final Refusal to Defendants' application to the CALICO mark on January 20, 2015. *See* Exhibit 7.

25.    Defendants' use of Plaintiff's mark has caused and continues to cause actual confusion in the marketplace that Defendants' goods and services are affiliated with or otherwise approved or sponsored by Plaintiff; causes Plaintiff's name and trademark to be diluted by losing its distinctive quality of being associated solely with Plaintiff; allows Defendants to financially benefit from and to trade off of the goodwill and reputation of Plaintiff without incurring an effort or expense similar to that incurred by Plaintiff in building up its brand name; and causes Plaintiff to lose control over the commercial use of its own name and trademark by placing such control in the hands of Defendants.

26.    By reason of the above, Defendants' actions were and are deliberate, willful and for the purpose of exploiting and diverting the benefit of the goodwill associated with Plaintiff's trademark without permission or compensation.  This constitutes repeated willful violations of Plaintiff's trademark rights.

**FIRST CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT**

**(15 U.S.C. § 1114 *et seq.*)**

27.    Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

28.    Plaintiff's CALICO mark is inherently distinctive.

29.     Plaintiff substantially used its CALICO mark in commerce before Defendants used the CALICO mark.

30.     Defendants' CALICO mark is identical or substantially similar in sound, appearance and meaning to Plaintiff's CALICO mark.

31.     Defendants have used the CALICO mark in connection with the sale, offering for sale, distribution or advertising of goods and/or services that are related to and directly compete with Plaintiff's services.

32.     The use of the CALICO mark by Defendants has already caused and is likely to cause confusion with Plaintiff's CALICO mark for reasons including, but not limited to:

a.     The CALICO mark is inherently distinctive;

b.     Plaintiff's CALICO mark and Defendants' CALICO mark are nearly identical in sight, sound and meaning, with the only difference being the words representing each letter of the acronym;

c.     Plaintiff's CALICO mark and Defendants' CALICO mark offer virtually identical branding, products and services for the same or similar purpose;

d.     Both Plaintiff and Defendants serve the same consumer base;

e.     Defendants sought to register their CALICO mark after being introduced to the mark by Plaintiff, making Defendants' use of the mark for virtually identical services deliberate and intentional;

f.     Actual confusion exists and continues to permeate Plaintiff's marketing efforts, with consumers lacking appreciation for the differences between the two trademarks; and

g.     Defendants directly compete with Plaintiff in the health arena.

33.     Defendants' wrongful use of the CALICO mark constitutes trademark infringement of Plaintiff's CALICO mark, has caused significant confusion in the marketplace, and is likely to continue to cause both confusion and mistake, along with being likely to deceive consumers.

34.     Defendants' infringement of Plaintiff's mark was willful and with knowledge that Defendants' use of the CALICO mark would or was likely to cause confusion and deceive others.

35.     As a direct and proximate result of Defendants' trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. § 1114 *et seq*.

36.     Plaintiff will need to expend, and is entitled to recover, a proportional sum on corrective advertising to correct the confusion, mistake and deception that has been caused by Defendants' trademark infringement.

## SECOND CAUSE OF ACTION

## CONTRIBUTORY TRADEMARK INFRINGEMENT

37.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

38.     Contributory trademark infringement occurs when a defendant either intentionally induces a third party to infringe the plaintiff's mark, or supplies a service or product to a third party with actual and constructive knowledge that the service or product is being used to infringe the plaintiff's mark.

39.     Defendants Google, Inc. and Alphabet Inc. have actual knowledge, or have reason to know, of the infringing activities and other unlawful conduct alleged herein.

40.     Defendants Google, Inc. and Alphabet Inc. supply the services, mechanisms, algorithms, capital, technology and programs necessary through which Defendant Calico LLC infringes Plaintiff's CALICO mark.

41.     Defendants Google, Inc. and Alphabet Inc., on an ongoing basis, knowingly, willfully and voluntarily continued to engage in infringing activities and other unlawful conduct alleged herein, in order to obtain revenue and profit and commercial gain, despite knowledge that their activities are in direct violation of federal law.

42.     Defendants Google, Inc. and Alphabet Inc. induce, cause, and/or materially contribute to the infringement of Plaintiff's CALICO mark, and other unlawful conduct alleged herein.

43.     Defendants Google, Inc. and Alphabet Inc.'s actions, as alleged herein, constitute Contributory Trademark Infringement.

44.     Defendants Google, Inc. and Alphabet Inc.'s Contributory Trademark Infringement has directly and proximately injured and damaged and continues to injure and damage Plaintiff, by, among other things, causing confusion, diverting customers and sales, and otherwise causing significant commercial loss as explained further in the First Cause of Action above.

45.     Defendants Google, Inc. and Alphabet Inc. have unfairly profited from the actions alleged herein.

### THIRD CAUSE OF ACTION

### VICARIOUS TRADEMARK INFRINGEMENT

46.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

47.     Vicarious infringement occurs when a defendant controls, directs, facilitates, encourages, promotes, allows, enables, or otherwise permits a third party to infringe a mark, and receives the benefit therefrom.

48.     Defendants Google, Inc. and Alphabet Inc. facilitate, encourage, promote, allow, enable and otherwise permit direct infringement of Plaintiff's CALICO mark, and the other illegal conduct alleged herein, in the course of their respective business.

49.     Defendants Google, Inc. and Alphabet Inc. maintain the right, power and ability to control, edit, alter, modify and maintain the software used to effectuate the infringement of Plaintiff's CALICO mark.

50.     Defendants Google, Inc. and Alphabet Inc. fail to exercise their policing obligations to the fullest extent, and otherwise have engaged in a pattern of direct and intentional misconduct, or willful blindness of their actions with respect to the infringing activities and other unlawful conduct alleged herein.

51.     Defendants Google, Inc. and Alphabet Inc. control, participate and supply the services, mechanisms, technology and programs necessary to engage in trademark infringement, through which Defendant Calico, LLC infringes Plaintiff's CALICO mark.

52.     Defendants Google, Inc. and Alphabet Inc., on an ongoing basis, knowingly, willfully and voluntarily continues to engage in infringing activities, and other unlawful conduct alleged herein, in order to obtain revenue and profit, and commercial gain, despite knowledge that their activities are in direct violation of federal law.

53.     Defendants Google, Inc. and Alphabet Inc. have a primary financial interest in the exploitation of Plaintiff's CALICO mark, and are the primary beneficiaries of the infringement and illegal conduct alleged herein.

54.    Defendants Google, Inc. and Alphabet Inc.'s actions alleged herein constitute vicarious trademark infringement.

55.    Defendants Google, Inc. and Alphabet Inc. have unfairly profited from the actions alleged herein.

56.    Defendants Google, Inc. and Alphabet Inc.'s vicarious trademark infringements have directly and proximately injured and damaged, and continues to injure and damage Plaintiff by, among other things, causing confusion, diverting customers and sales, and otherwise causing significant commercial loss, as more fully alleged in the First Cause of Action above.

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

1.    A judgment in favor of Plaintiff against Defendants;

2.    Damages in an amount to be determined at trial;

3.    The cost of corrective advertising;

4.    Trebling of damages for willful infringement;

5.    Exemplary and punitive damages;

6.    Pre-judgment interest at the legally allowable rate on all amounts owed;

7.    Costs and expenses;

8.    Attorney's fees and other fees under, among others, 15 U.S.C. § 1117(a) *et seq.* as an exceptional case;

9.    Restitution; and

10.    Such other and further relief as this Court may deem just and proper.

Dated:  September 12, 2017                    Respectfully submitted,

                                              /s/ Steven R. Daniels
                                              Steven R. Daniels
                                              Texas State Bar No. 24025318
                                              Bryan Atkinson
                                              Texas State Bar No. 24036157
                                              FARNEY DANIELS PC
                                              800 South Austin Ave., Suite 200
                                              Georgetown, Texas 78626
                                              sdaniels@farneydaniels.com
                                              batkinson@farneydaniels.com
                                              Telephone: (512) 582-2828
                                              Fax: (512) 582-2829

                                              *Counsel for Plaintiff*
                                              *CALICO GLOBAL PTY LTD.*